Davis *v.* Atkinson.

Opinion delivered May 6, 1905.

1.  Judge—disqualification—finding.—Where a motion was filed in the
    chancery court, alleging that the chancellor was disqualified by reason
    of his relationship to one of the parties, to which was attached an
    affidavit that the affiant "believes the facts set out in the motion to
    be true;" but no other evidence was introduced, and the chancellor
    failed to act on the motion, but proceeded to dispose of the case, it
    will be presumed on appeal that the chancellor found that he was not
    disqualified, and his finding will not be disturbed. (Page 302.)

2.  Receiver—compensation.—A receiver was appointed to take charge
    of defendant's land and apply the proceeds thereof to the payment of
    a certain debt, and, after paying such debt, the receiver kept posses-
    sion of the land for a number of years without authority of the court
    under an agreement that if defendant would let him keep possession
    as receiver until a debt due to his firm was also paid, he would waive
    his right to compensation as receiver. The receiver and defendant
    differ as to whether the debt has been paid. *Held,* that, as the ques-
    tion whether the debt has been paid or not cannot be determined
    without going into consideration of the matters outside of the case
    in which the receiver was appointed, the receiver will be discharged
    without compensation. (Page 303.)

Appeal from Jefferson Chancery Court.

John M. Elliott, Judge.

Reversed.

STATEMENT BY THE COURT.

In 1883 H. G. Cady sold a tract of land in Jefferson County
to G. W. Davis for $6,200. Davis paid a small amount of the
purchase money, but failed to pay the balance, and in 1884 Cady
brought an action in equity to recover the same. One R. G.
Atkinson was appointed a receiver to take charge of the land sold
to Davis, with directions to rent the same and apply the proceeds
thereof to the payment of the debt due Cady.

Atkinson took charge of the place in 1884. In 1886 the court
made an order reciting that the receiver had certain funds in his

hands as receiver, and the court directed Atkinson to pay out of those funds a debt to the firm of R. G. Atkinson & Company, composed of Atkinson and one Houston, the sum of $1,171, and that the remainder in his hands, about $1,500, should be paid to Cady. The court directed that the receiver continue in the possession of the property, and pay the net proceeds arising from rents on the Cady debt.

The mercantile firm of which Atkinson was a member continued meantime to furnish Davis supplies and merchandise. In 1886 Atkinson entered into a contract with Davis, by which it was agreed between them that Atkinson, after the debt of Cady was paid, should continue in possession of the land and collect and apply the proceeds of the rents thereof upon a note for $1,018.31, executed by Davis to Atkinson & Company on the same day this contract was made. The debt to Cady was paid in full in 1890, but under this contract Atkinson still kept possession of the land. But as his firm was still furnishing Davis, the advances made by the firm nearly equaled the proceeds from the rent of the land, and very little was paid on the note. In 1896 they entered into another agreement by which Atkinson as receiver rented the land to Davis for the years 1897, 1898 and 1899 for the sum of $400 for each one of those years. It was understood that as the rent was paid it should be credited on the debt from Davis to Atkinson & Company, which at the time the contract was made amounted to about $1,000. It was also agreed that when the $400 for rent for each of the years named should be paid the debt of Atkinson & Company should be considered as satisfied in full. All of this rent was not paid, and in December, 1901, Atkinson still claimed that there was a balance due amounting to about $1,000, and he notified Davis that, unless he would execute rent notes to him for the place for the years 1902 and 1903, he would proceed as receiver to rent the place to the highest bidder. Thereupon Davis, by his attorney, filed a motion in the case to compel the receiver to file a report and statement of his accounts as receiver. Davis alleged in the motion that he "has good right to believe, and does believe," that the debts for which the receiver was appointed have all been paid, and that upon a fair statement of account the receiver would be indebted to him in a large amount. Atkinson afterward filed

a report, showing a statement of his accounts as such receiver, by which report it appears that Davis was still indebted to Atkinson & Company.

Davis filed exceptions to the report. On the hearing of these exceptions, the chancery court approved the accounts of the receiver, except that he dismissed the claim of the receiver to be allowed the amount of the account due from Davis to Atkinson & Company, but without prejudice, holding that it had no place in this action. He further allowed Atkinson a fee of $800, as compensation for his services as receiver, and directed that, unless paid, the land be sold for the payment of the same.

Davis appealed.

*H. King White, N. T. White* and *Benj. J. Altheimer,* for appellant.

Judge Elliott was disqualified. 43 Ark. 329. The receivership will be dissolved when the necessity for it no longer exists. 20 Am. & Eng. Enc. Law, 212; Beach, Receivers, § 798; 2 Wall, (U. S.) 501. A receiver cannot enter into a contract without the consent of the court. Beach, Receivers, § 257; 20 Am. & Eng. Enc. Law, 154. The receiver should have been removed. 20 Am. & Eng. Enc. Law, 201-207; Beach, Receivers, § § 24, 27. The fee allowed the receiver should not have been allowed. Beach, Receivers, § § 755-758.

*W. F. Coleman,* for appellee.

The allowance of compensation to the receiver is a matter within the discretion of the court. 21 Ark. 140. It is too late to disqualify the court after judgment. 12 Am. & Eng. Enc. Law, 46, 57; 43 Ark. 53.

RIDDICK, J., (after stating the facts.) This is an appeal from a decree of the Jefferson Chancery Court approving the final report of a receiver, and allowing him a fee of $800 as compensation for his services as receiver.

The first question presented relates to the qualification of the judge who tried the case. The defendant, Davis, filed in the

lower court a motion suggesting to the judge that he was disqualified to try the case by reason of the fact that one Prigmore, who, the motion alleged, was a brother-in-law of the judge, was one of the receiver's bondsmen. The facts stated in the petition need not be stated in full, for the reason that there is no proof of the facts alleged. It is true that Davis attaches his affidavit to the motion in which he states that "he believes the facts set out in the motion to be true;" but while this may show that he was acting in good faith, it does not show that the facts stated are true, but only that he believes them to be true, and a mere belief in a case of this kind is not sufficient. No ruling of the court on this motion is shown by the record. It only appears that the motion was made, and that afterward the judge proceeded to dispose of the case. We may take it, then, that he held that he was not disqualified, but on what ground this ruling was made we do not know. He may have held that the facts stated were not sufficient to disqualify him, or that the facts alleged were not true. We are not able to take judicial notice of the fact that Prigmore was a brother-in-law of the judge, or of the other facts alleged; and as there is no proof of these facts, there is no ground to disturb the finding of the judge that he was not disqualified.

The next contention made is that under the circumstances no compensation should have been allowed the receiver. The facts bearing on this matter are that one Cady commenced an action against Davis to enforce a vendor's lien. As Davis was in the possession of the land, and had made default in the payment of the purchase money, a receiver was appointed to take charge of the land, and apply the proceeds thereof to the payment of the debt. This seems to have been done by consent of the parties, in order to obviate the necessity of selling the land. Atkinson, a member of the mercantile firm of Atkinson & Company, which firm had been furnishing Davis, and to whom he was indebted in a considerable amount, was appointed receiver. After he took possession as receiver, he made an agreement with Davis that, after the debt due Cady was paid, Atkinson should hold possession as receiver until the debt from Davis to Atkinson & Company should also be paid in full, and it was agreed that if this was done then the receiver would not ask for or accept

any fees as receiver. The debt due Cady was paid in full in 1890, and the accounts of the receiver should have been settled, and the receiver discharged at that time; but, under the agreement between Atkinson and Davis, Atkinson was allowed to still hold possession of the land as receiver. Atkinson testified that this was done with the consent of a former judge of the court whose term of office had long since expired. The records do not show that any such arrangement was ever approved by the court, and certainly no such arrangement should have been permitted, for it was plainly an arrangement between Atkinson and Davis by which this property could be protected against any other creditors of Davis. So far as Davis is concerned, he has no right to complain; for it was done with his knowledge and consent, and it does not appear that he was injured in any way. But the procedure was entirely irregular and improper, for it was using the orders and process of the chancery court for a purpose entirely unauthorized by law.

But no creditor objected, and Atkinson remained in control of this property for about twelve years after all the debts for which the receiver was appointed had been paid. During a number of those years he rented the place to Davis, the owner, at a small rent. The firm of which Atkinson was a member continued during most of this time to furnish Davis with money and supplies. The result is that at the end of the twelve years he claims that Davis owes him about as much as when he first took possession under this arrangement. On the other hand, Davis alleges that he owes Atkinson nothing, and that a balance is due from Atkinson to him. Atkinson admits that he agreed with Davis that, if he would let him hold possession of the land as receiver until the debt due by Davis to his firm was paid, he would not accept any compensation as receiver, and that, if Davis is correct in his assertion that he owes none of the original debt, then no compensation is due him as receiver. But, in order to determine the question at issue between Atkinson and Davis, the court would have to go over and consider a complicated account covering dealings between them for ten or twelve years concerning matters which have nothing to do with the case. Those accounts are not properly before this court, for they have nothing to do with this case, and the court has no jurisdiction to adjudge

the rights of the parties thereto. But, as Atkinson, by virtue of an agreement with Davis that he would not ask for any fees as receiver if Davis would allow him to hold possession until the debt due from Davis to Atkinson & Company was paid, has continued in possession and control of this property for about twelve years longer than the order of the court permitted, and as he and Davis differ as to whether the debt has been paid or not, and as we cannot determine the question without going into a consideration of matters entirely outside of the case in which the receiver was appointed, we are of the opinion that the court should decline to do that, and that no compensation should be allowed Atkinson as receiver. He has had control of the place as before stated, for. twelve years under this agreement; and if this is not sufficient compensation to cover his fees as receiver, then he must lose the remainder.

There is nothing in the evidence, so far as we know, to show any dishonest dealings on the part of Atkinson. But he and Davis have in fact been managing this property for a number of years for their own mutual advantage, and for purposes entirely foreign to those for which the receiver was appointed. While these transactions were done by Atkinson nominally as receiver, they were in fact private dealings between Atkinson and Davis, done under a contract in which Atkinson agreed that, when carried out, it should relieve Davis from any costs for compensation to Atkinson for services as receiver in the case in which he was appointed. Atkinson was thus using his position as receiver to compel Davis to carry out his contract. And Atkinson, in effect, now asks that Davis be compelled to carry out this contract or pay the receiver fees which accrued over twelve years ago. As before stated, we think the court should decline to become a party to this agreement, and that Atkinson has placed himself in a position that he cannot ask the court to allow him any compensation.

The decree of the chancery court will be reversed, so far as it allows a fee to the receiver, and the cause remanded with an order that the receiver be discharged without further compensation, but without prejudice to any claim he may have against Davis arising out of individual transactions.